IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| GRACE NUNEZ, in her individual capacity as the surviving mother and heir of John Nunez III and as the personal representative of the Estate of John Nunez III; JUAN NUNEZ, in his individual capacity as the surviving father and heir of John Nunez III and as the personal representative of the Estate of John Nunez III; and LISA HERNANDEZ, in her individual capacity, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF LUBBOCK and MATT DOHERTY, in his individual and official capacity, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 5:07-CV-032-C <br> ) ECF |

## **ORDER**

On this date the Court considered:

(1)   Plaintiffs' Motion for Spoliation Instruction [#102], filed January 31, 2008;

(2)   Defendant Matt Doherty's Response [#106], filed February 4, 2008 ; and

(3)   Defendant City of Lubbock's Response [#108], filed February 19, 2008.

After reviewing the Motion, Responses, supporting briefs, and appendix evidence, the Court is of the opinion that Plaintiffs' Motion should be **DENIED**.  As argued by the Defendants, the deposition evidence before the Court suggests that the memorandum in question appears to have no relevance to any policy or practice relating to the usage of tasers by the City of Lubbock or its officers.  Moreover, the evidence clearly suggests that the memorandum's

subject matter and contents dealt with nothing more than an instruction for taser training officers to not discuss taser training with the media and to be careful that discussions regarding the same not be overheard by others.  Finally, it appears undisputed that the memorandum was written after the incident giving rise to this lawsuit and before this suit was filed.

As such, it is unclear why Plaintiffs even sought a spoliation instruction regarding this memorandum be given to a jury.  It is not at all clear what relevance this memorandum would have had as evidence, much less that it warrants a spoliation instruction to a jury.

SO ORDERED.

Dated February 21, 2008.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT COURT